UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

CORBIN HOWARD, *et al.*,

    Plaintiffs,

vs.

PREBLE COUNTY SHERIFF
MIKE SIMPSON, *et al.*,

    Defendants.

Case No. 3:18-cv-410

District Judge Thomas M. Rose
Magistrate Judge Michael J. Newman

---

**REPORT AND RECOMMENDATION[1] THAT: (1) PLAINTIFFS' MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* (DOC. 1) BE DENIED WITHOUT PREJUDICE; AND (2) PLAINTIFFS BE ORDERED TO PAY THE FILING FEE REQUIRED BY THE CLERK OF COURTS**

---

This case is before the Court on *pro se* Plaintiffs' motion to proceed *in forma pauperis*. Doc. 1. In support of their motion, Plaintiffs present an application stating that at least one of them is employed and makes approximately $1,600 in gross income bi-weekly (*i.e.*, $41,600 annually). *Id*. at PageID 1. Plaintiffs also represent owning property totalling over $19,000 in value. *Id*. Plaintiffs' household expenses, excluding legal expenses, total approximately $2,000 per month. *Id*. at PageID 2.

Pursuant to 28 U.S.C. § 1914(a), "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court . . . to pay a filing fee[.]" However, "[t]o ensure access to the courts," indigent persons may "avoid payment of filing fees by filing an *in forma pauperis* affidavit." *Johnson v. Cargill, Inc.*, No. 08-2052-B/V, 2008 WL 501341, at *1 (W.D. Tenn. Feb. 21, 2008); 28 U.S.C. 1915(a). Upon the filing of an application to proceed *in*

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

*forma pauperis*, "the Court must conduct a satisfactory inquiry into the plaintiff's ability to pay the filing fee and prosecute the lawsuit." *Id*.

Here, while Plaintiffs need not show they are penniless to proceed *in forma pauperis*, they do not sufficiently show that paying the required fee would amount to a serious financial hardship. Thus, Plaintiffs, at this time, do not satisfy their burden of demonstrating an inability to pay. Accordingly, based upon the foregoing, the undersigned **RECOMMENDS** that Plaintiffs' motion to proceed *in forma pauperis* (doc. 1) be **DENIED WITHOUT PREJUDICE**. If Plaintiffs feel additional information not elicited in the form application would further support their motion, they may file another application for the Court's consideration. Otherwise, the undersigned **RECOMMENDS** that Plaintiffs be **ORDERED** to pay the $400 civil filing fee require by the Clerk of Courts.

Plaintiffs are **NOTIFIED** that, if ultimately ordered to pay a filing fee, the failure to do so may result in the dismissal of this case for failure to prosecute.

Date:   January 7, 2019                                  s/ Michael J. Newman
                                                         Michael J. Newman
                                                         United States Magistrate Judge

# **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).