UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

CORBIN HOWARD, *et al.*,

    Plaintiffs,                              Case No. 3:18-CV-410

vs.

SHERIFF MIKE SIMPSON, *et al.*,      District Judge Thomas M. Rose
                                                        Magistrate Judge Michael J. Newman

    Defendants.

---

**ORDER AND ENTRY: (1) GRANTING *PRO SE* PLAINTIFFS' MOTION FOR CLARIFICATION; (2) DENYING *PRO SE* PLAINTIFFS' MOTION CAPTIONED AS A "MOTION FOR FAIR AND IMPARTIAL TREATMENT"; AND (3) DENYING WITHOUT PREJUDICE *PRO SE* PLAINTIFFS' MOTION FOR APPOINTMENT OF COUNSEL**

---

This civil case is before the Court on three motions filed by *pro se* Plaintiffs. Docs. 8, 9, 10. In the first motion, Plaintiffs seek clarification with regard to the status of their motion for leave to proceed *in forma pauperis* ("IFP"). Doc. 8. To the extent *pro se* Plaintiffs seek clarification, the undersigned **GRANTS** the motion.[1]

Plaintiffs seek clarification as to why a Report and Recommendation was issued by the undersigned with regard to their motion for leave to proceed IFP. *See* doc. 8. As stated by the Sixth Circuit:

> A district judge is free to refer a motion for pauper status to a magistrate [judge] and if the decision is to grant such a motion, the magistrate [judge] may enter such an order. If the decision is to deny, however, the magistrate [judge] must make such a recommendation to the district judge who will then take final action.

---

[1] In that motion, Plaintiffs also seek assurance from the Court "that [their] rights guaranteed by the [United States] and Ohio Constitutions [will] be upheld and not deliberately ignored[.]" Doc. 8. *Pro se* Plaintiffs filed a separate motion seeking assurances on February 11, 2019 (doc. 9), which will be addressed *infra*.

*Woods v. Dahlberg*, 894 F.2d 187, 188 (6th Cir. 1990). Because the undersigned concluded that the motion for IFP should be denied, in accordance with Sixth Circuit case law, a Report and Recommendation issued on January 7, 2019 recommending denial. Doc. 2. Judge Rose subsequently adopted the undersigned's recommendation on January 28, 2019 and Plaintiffs were ordered to pay the required filing fee (doc. 7), which they have now done (doc. 11).

*Pro se* Plaintiffs caption their second motion as one seeking assurances of "Fair and Impartial Treatment." Doc. 9; *see also supra* n.1. In that motion, Plaintiffs assert that their rights have been neglected in a number of legal proceedings in which they were parties in the past. Doc. 9 at PageID 28-30. It appears Plaintiffs want assurances by the undersigned that they will be treated fairly in this case. *Id*. Certainly, all federal judges, including the undersigned, have sworn an oath to treat all persons fairly and impartially, *see* 28 U.S.C. § 453, and the undersigned sees no reason why Plaintiffs need any further assurances in that regard. To the extent *pro se* Plaintiffs disagree with any actions or orders of the Court as this case proceeds, they have the right, at the appropriate time, to appeal to the Sixth Circuit. Based on the foregoing, the undersigned **DENIES** Plaintiff's motion for any further assurances.

In their third and final motion, *pro se* Plaintiffs request that the Court appoint counsel on their behalf. Doc. 10. While Congress has authorized courts to appoint counsel in such cases, *see* 28 U.S.C. § 1915(e)(1), it has never authorized any funding for such counsel and the Court cannot compel counsel to serve without compensation. *Mallard*

2

*v. U.S. Dist. Court*, 490 U.S. 296, 308-09 (1989); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993). Therefore, Plaintiff's motion (doc. 14) is **DENIED WITHOUT PREJUDICE**.

    **IT IS SO ORDERED.**

Date: February 14, 2019                    s/ Michael J. Newman
                                                Michael J. Newman
                                                United States Magistrate Judge