UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

CORBIN HOWARD, *et al.*,

    Plaintiffs,

vs.

PREBLE COUNTY SHERIFF, *et al.*,

    Defendants.

Case No. 3:18-cv-410

District Judge Thomas M. Rose
Magistrate Judge Michael J. Newman

---

**REPORT AND RECOMMENDATION[1] THAT: (1) DEFENDANTS' TWO MOTIONS FOR JUDGMENT ON THE PLEADINGS (DOCS. 21, 26) BE GRANTED; (2) PLAINTIFFS' COMPLAINT BE DISMISSED; AND (3) THIS CASE BE TERMINATED ON THE COURT'S DOCKET**

---

This is a civil case in which *pro se* Plaintiffs Corbin and Emily Howard purport to assert federal claims under 42 U.S.C. § 1983 on the basis that Defendants violated their constitutional rights. Doc. 13.

The case is presently before the Court on two separate motions for judgment on the pleadings. Docs. 21, 26. The first motion was filed by Jackson Township Fiscal Officer Kimberly Dees and Jackson Township Trustees Michael Hans, Dean Petry, and Fred Kerler (hereinafter collectively referred to as "the Township Defendants"). Doc. 21. The second motion was filed by Preble County, Ohio Sheriff Michael Simpson, Preble County Prosecutor Martin Votel, Preble County Commission Administrative Assistant Julie Swisher, and Preble Commissioners Chris Day, Denise Robertson, and Rodney Creech (hereinafter collectively referred to as the County Defendants"). Doc. 26.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

On April 29, 2019, Plaintiffs filed an untitled document that appears responsive to the Township Defendants' answer and contains what the Court liberally construed as a request for leave to file an amended pleading. Doc. 27. The undersigned granted Plaintiffs leave to file an amended complaint within 14 days from the entry of that Order on April 30, 2019. Doc. 29. On May 16, 2019, instead of filing an amended complaint, Plaintiffs filed an untitled document appearing responsive to Defendants' motions for judgment on the pleadings. Doc. 32.[2] Defendants subsequently filed reply memoranda. Docs. 35, 26. The undersigned has carefully considered all of the foregoing, and Defendants' motions are ripe for decision.

## I.

The standard for reviewing a Rule 12(c) motion for judgment on the pleadings is the same standard employed for reviewing a Rule 12(b)(6) motion to dismiss. *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008). A motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal for "failure to state a claim upon which relief can be granted."

To show grounds for relief, Fed. R. Civ. P. 8(a)(2) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While Fed. R. Civ. P. 8 "does not require 'detailed factual allegations' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (citing *Twombly*, 550 U.S. at 555). In determining a motion to dismiss, "courts 'are not bound to

---

[2] The undersigned did not liberally construe the untitled document filed by Plaintiffs on May 16, 2019 to be an amended complaint because it failed to comply with the requirements of Rule 10(a) or (b). Doc. 33 at PageID 197.

accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*.

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. In addition to well-pleaded allegations in the complaint, the Court may also consider "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint," as well as documents attached to a defendant's motion to dismiss that are important to the plaintiff's claims or if referred to in the complaint. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) (citation omitted); *Composite Tech., L.L.C. v. Inoplast Composites S.A. de C.V.*, 925 F. Supp. 2d 868, 873 (S.D. Ohio 2013).

A claim is plausible where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id*. at 679 (alteration in original) (citing Fed. R. Civ. P. 8(a)(2)).

## II.

The allegations of Plaintiffs' complaint are more fully set forth below in analyzing whether claims for relief are alleged sufficiently therein. The crux of Plaintiffs' allegations center upon the Township Defendants' abatement of a nuisance on their property located on Route 35 in Jackson Township, Preble County, Ohio. Doc. 13 at PageID 44.

The relevant background preceding the allegations in Plaintiffs' complaint are set forth in public records attached to the Township Defendants' answer. *See* doc. 20. These public records demonstrate that, on October 23, 2017, during a public Jackson Township Board of Trustees meeting, Jackson Township Fiscal Officer Kimberly Dees and Township Trustees Michael Hans, Dean Petry, and Fred Kerler received complaints concerning the condition of Plaintiffs' property. Doc. 20-1 at PageID 85, doc. 27 at Page ID 162. As a result, the Trustees voted to initiate proceedings to determine whether the property was being maintained as a nuisance and whether abatement was necessary. *Id*.

On October 30, 2017, Defendant Dees, on behalf of the Trustees, sent Plaintiffs a notice informing them that the Trustees would hold a hearing on November 13, 2017 to determine whether Plaintiffs were maintaining a public nuisance at or on their property. Doc. 20-2 at PageID 89. The notice informed Plaintiffs that, if the Trustees were to find the property was a nuisance during the November 13 hearing, they would enter the property to abate the nuisance should Plaintiffs fail to do so themselves by a date specific.[3] *Id*.

On November 13, 2017, the Trustees held the nuisance determination hearing, and concluded that Plaintiffs' property was a nuisance, and agreed to give Plaintiffs 14 days to clean-up the property. Doc. 20-5 at PageID 109. On November 14, 2017, Defendant Dees sent Plaintiffs a notice informing them of the Trustees' nuisance finding and ordering Plaintiffs to abate the nuisance within 14 days. Doc. 20-6 at PageID 112. The allegations in Plaintiffs' complaint -- again, set forth in more detail below -- begin with abatement efforts on the property on December 21, 2017. Doc. 13 at PageID 44.

---

[3] In a letter sent by Plaintiff Corbin Howard to Defendant Dees on November 6, 2017, Howard acknowledges his awareness of the November 13, 2017 hearing. Doc. 20-3 at PageID 91. In that same letter, Howard states that he will not be at the hearing on November 13, 2017. *Id*.

**III.**

Plaintiffs bring suit in this Court alleging that Defendants violated their constitutional rights and asserting claims, *inter alia*, under 42 U.S.C. § 1983. Doc. 13 at PageID 41.

"To prevail on a § 1983 claim, a plaintiff must establish that a person acting under color of state law deprived the plaintiff of a right secured by the Constitution or laws of the United States." *Green v. Throckmorton*, 681 F.3d 853, 859-60 (6th Cir. 2012) (citing *Waters v. City of Morristown, Tenn.*, 242 F.3d 353 (6th Cir. 2001)). To state a claim under § 1983, Plaintiffs must allege "(1) deprivation of a right secured by the federal Constitution or laws of the United States, and (2) that the deprivation was caused by a person while acting under color of state law." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Notably, individuals against whom civil rights claims are asserted under § 1983 are "only liable for his or her own misconduct." *Iqbal*, 556 U.S. at 677; *see also Marcilis v. Twp. of Redford*, 693 F.3d 589, 596 (6th Cir. 2012). As a result, claims asserting "violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008). Thus, the mere "listing [of] names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery[.]" *Gilmore v. Corrections Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (citing *Flagg Bros. v. Brooks*, 436 U.S. 149 (1978)); *see also Frazier v. Mich.*, 41 F. App'x 762, 764 (6th Cir. 2002). Further, simply "lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct'" fails "'to satisfy [the] minimum standard that a complaint give each defendant fair notice of what the plaintiffs claim is and the ground upon which it rests[.]" *Marcilis v. Twp. of Redford*, 693 F.3d 589, 596 (6th Cir. 2012) (citation and internal quotation omitted).

Local government entities -- such as townships, cities, and counties -- are considered persons under § 1983 and "may be sued for constitutional deprivations." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). However, such entities cannot be held liable for the acts of employees or officials on a *respondeat superior* theory. *Id.* at 693. Instead, an official policy or custom must be the "moving force" behind the alleged constitutional deprivation. *See City of Canton v. Harris*, 489 U.S. 378, 389 (1989). To demonstrate *Monell* liability, one must: (1) identify the policy or custom; (2) connect the policy to the governmental entity; and (3) show injury of a constitutional magnitude incurred because of that policy's execution. *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (internal citations omitted).

Here, Plaintiffs cite the Fourth, Fifth, Sixth, Seventh, and Eighth Amendments of the United States Constitution in their complaint, but do not elaborate how those Amendments apply to the circumstances presented or how their rights under those Amendments were violated. The complaint itself contains nine numbered paragraphs and, for ease of addressing Defendants' Rule 12(c) motions, the undersigned will address each paragraph in the complaint in turn.

**Paragraph One**

In the first paragraph of the complaint, Plaintiffs allege that, at the direction of Defendant Trustees, and "under the guise that our residence was declared a nuisance without any hearing or affirmation by any judicial entity[,]" a contractor arrived at their property on December 21, 2017 with three unidentified Preble County Sheriff's deputies "and a pair of tow truck operators" from an unknown business. Doc. 13 at PageID 45. Plaintiffs allege that, "over the course of the day" their yard and property was destroyed, that "a numerous amount of property" was stolen, and that "other property" was left "broken and useless." *Id*. Plaintiffs also allege that Defendant Sheriff

Simpson supervised at least part of the events and did not intervene to stop the alleged destruction or taking of property. *Id*.

Plaintiffs do not identify the constitutional violations they allege arise from the foregoing conduct and have left the Court and Defendants to decipher the claims advanced. At the outset, the Court notes that, pursuant to Ohio Rev. Code § 505.87(A), "[a] board of township trustees may provide for the abatement, control, or removal of vegetation, garbage, refuse, and other debris from land in the township, if the board determines that the owner's maintenance of that vegetation, garbage, refuse, or other debris constitutes a nuisance." In other words, under this provision, the Township Trustee Defendants possessed statutory authority to make a nuisance determination and to provide for abatement of the nuisance. *LePage v. Bd. of Trustees of Thorn Twp.*, No. 2:03-CV-0062, 2005 WL 3274873, at *3 (S.D. Ohio Dec. 2, 2005) (finding no substantive due process claim existed where "defendants were acting pursuant to the authority granted to them by the Ohio General Assembly in Ohio Rev.Code § 505.87, which specifically provides that a board of township trustees may abate nuisances on land within the township").

Elsewhere in their complaint, Plaintiffs cite the Fifth Amendment, *see* doc. 13 at PageID 41, and thus, one performing a very liberal construction of the complaint could argue that Plaintiffs seeks to assert a claim under the Takings Clause. The Fifth Amendment of the United States Constitution provides, in part, that "private property [shall not] be taken for public use, without just compensation." U.S. CONST. Amend. V. This clause is commonly referred to as the "Takings Clause" or the "Just Compensation Clause." *See Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 195 (1985); *River City Capital, L.P. v. Bd. of Cnty. Comm'rs, Clermont Cnty, Ohio*, 491 F.3d 301, 306 (6th Cir. 2007). The Takings

7

Clause "is made applicable against the states and their subdivisions through the Fourteenth Amendment[.]" *River City*, 491 F.3d at 306.

Here, however, the Takings Clause does not apply because any "taking" of Plaintiffs' property was accomplished pursuant to the Township's police power, not the power of eminent domain. *See* docs. 20-1 though 20-5. Where state actors participate in the taking of property "pursuant to some power other than eminent domain, then the plaintiff has failed to state a claim for compensation under the Fifth Amendment." *AmeriSource Corp. v. United States*, 525 F.3d 1149, 1154 (Fed. Cir. 2008) ("[S]o long as the government's exercise of authority was pursuant to some power other than eminent domain, then the plaintiff has failed to state a claim for compensation under the Fifth Amendment") (citing *Bennis v. Michigan*, 516 U.S. 442, 453 (1996)); *see also Miller v. Wayne Twp. Bd. of Trustees*, No. 3:10-CV-172, 2011 WL 3515902, at *5 (S.D. Ohio Aug. 11, 2011) (citing *Waldon v. Wilkins*, 400 F. App'x 75, 79 (7th Cir. 2010); *Tate v. D.C.*, 601 F. Supp. 2d 132, 136 (D.D.C. 2009), *aff'd in part and remanded*, 627 F.3d 904 (D.C. Cir. 2010). Therefore, the Takings Clause of the Fifth Amendment does not apply.

Even assuming, *arguendo*, the Fifth Amendment Takings Clause does apply, Plaintiffs do not allege that such a claim is ripe for consideration by this federal district court. "Typically, federal takings claims may not be heard in federal court until the plaintiffs have first pursued just compensation using the procedures the state has provided[.]" *Hensley v. City of Columbus*, 557 F.3d 693, 696 (6th Cir. 2009). In Ohio, an individual deprived of his or her property must initiate a mandamus action in state court before a takings claim is ripe for adjudication in federal court. *Coles v. Granville*, 448 F.3d 853, 865 (6th Cir. 2006); *Vill. of Maineville, Ohio v. Hamilton Twp., Ohio Bd. of Trustees*, 902 F. Supp. 2d 1072, 1080 (S.D. Ohio 2012), *aff'd sub nom. Vill. of Maineville, Ohio v. Hamilton Twp. Bd. of Trustees,* 726 F.3d 762 (6th Cir. 2013). Absent

exhaustion of state procedures -- or even an allegation that such procedures are inadequate -- any takings claim appears unripe.

Plaintiffs suggest in their briefing that they advance a Fourth Amendment search and seizure claim in their complaint -- presumably within the complaint's first paragraph summarized above. Doc. 27 at PageID 162. The undersigned finds the complaint lacks factual averments sufficient to state a Fourth Amendment claim. Regardless, "a warrantless entry to abate a nuisance after the entry of remedial orders does not violate the Fourth Amendment provided such entry does not invade a constitutionally-protected privacy interest." *Embassy Realty Investments, Inc. v. City of Cleveland*, 572 F. App'x 339, 345 (6th Cir. 2014) (citing *Jamison v. Angelo*, No. 4:10CV2843, 2012 WL 4434152, at *10 (N.D. Ohio Sept. 24, 2012) ("[A] warrant is not necessary when entering property that has been declared a nuisance by means of established police power procedures as such entry is reasonable under the Fourth Amendment").

Here, Plaintiffs were indisputably given notice and an opportunity to be heard regarding the alleged nuisance on their property and failed to appear to contest those allegations before the Trustees. Doc. 20-2; doc. 20-5. Therefore, entry upon the land to abate a nuisance under state statutes, namely Ohio Rev. Code § 505.87, was presumptively reasonable. *See Jamison*, 2012 WL 4434152 at *9-10. Accordingly, based upon all of the foregoing, Plaintiffs fail to state a Fourth Amendment search and seizure claim.

In their briefing, Plaintiffs also purport to assert a claim under the Due Process Clause of the Fourteenth Amendment, suggesting that they were denied an opportunity to be heard at a time convenient to them. *See* doc. 32 at PageID 192. Again, without dispute, the Trustees gave Plaintiffs notice on October 30, 2017 that a hearing would be held approximately two weeks later, on November 13, 2017. Doc. 20-2. Due process "requires the opportunity to be heard at a

meaningful time and in a meaningful manner[,]" not that a hearing "be afforded at the time and in the manner of one's own choosing." *Krison v. Nehls*, 767 F.2d 344, 349 (7th Cir. 1985). Because "there is no due process violation when the municipality abates a nuisance pursuant to notice[,]" *Crow v. City of Springfield, Ohio*, 15 F. App'x 219, 224 (6th Cir. 2001), Plaintiffs fail to state a procedural due process claim in their complaint.

### Paragraph Two

In the second paragraph of the complaint, Plaintiffs allege that Emily Howard received a "harassing phone call from [Defendant] Dean Petry" on January 5, 2018. Doc. 13 at PageID 45. Plaintiffs further allege that Emily Howard filed a complaint with the Preble County Sheriff's Office regarding Petry's phone call. *Id*. Plaintiffs next allege that an individual named Brandon Monebrake -- who is not a named Defendant in this case -- "tried to harass [Emily Howard] on Facebook." *Id*. Again, it is unclear the claim these allegations seek to support, and the undersigned finds that conclusory allegations regarding harassment are insufficient to support a § 1983 claim. *Cf. Wingo v. Tennessee Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) ("Verbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief").

### Paragraph Three

In the third paragraph of the complaint, Plaintiffs allege that, on June 5, 2018, a "pickup truck with Petry Farms on the door" ran Emily Howard, who was driving a Toyota Tercel, off a roadway in Preble County. *Id*. Emily Howard reported the incident to the Preble County Sheriff's Office and Plaintiffs continue to seek to identify the driver of the Petry Farms pickup. *Id*.

Again, it is unclear to the undersigned what claim the allegations in paragraph three of the complaint seek to support. Insofar as Plaintiffs suggest that the Preble County Sheriff's Office is

10

liable under § 1983 for failing to investigate this incident, so such claim exists. *Woods v. Miamisburg City Schs.*, 254 F. Supp. 2d 868, 873 (S.D. Ohio 2003) ("[t]he law is clear that a private citizen has no constitutional, statutory, or common law right to require a public official to investigate or prosecute a crime") (citing *White v. City of Toledo*, 217 F. Supp. 2d 838, 841 (N.D. Ohio 2002)). Insofar as Plaintiffs suggest that such failure evidences some larger conspiracy against Plaintiffs, the undersigned concludes that such vague allegations of conspiracy fail to support a § 1983 claim against any of the Defendants. *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008) ("[C]onspiracy claims must be pled with some degree of specificity"; "vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983").

**Paragraph Four**

In the fourth paragraph of the complaint, Plaintiffs allege that they have attempted to retain a lawyer to deal "with this matter" and have been unable to do so. *Id*. It is unclear to which "matter" Plaintiffs refer -- the abatement matter, the allegedly harassing phone call matter, or the traffic incident matter regarding the pickup truck. *Id*. Plaintiffs vaguely allege that the Preble County Sheriff "uses his title to cover up the crime and the [Township Trustees] also have ignored any acknowledgment of their criminal actions." *Id*. These conclusory and vague allegations fail to support any cognizable § 1983 claim.

**Paragraph Five**

In the fifth paragraph of the complaint, Plaintiffs allege that they have complained to the Preble County Commissioners, the United States Department of Justice, the Federal Bureau of Investigation, the Ohio Attorney General, and United States Representative Warren Davis about Defendants' abatement of the presumed nuisances on their property. *Id*. Plaintiffs then make what the undersigned views as a threat to "eliminate the known scumbags" and that doing so "is still a

11

viable option." *Id*. The allegations in this paragraph fails to support a cognizable § 1983 claim. Instead, such statement appears to be a threat of violence and will be addressed by separate Order of the undersigned.

**Paragraph Six**

In the sixth paragraph of Plaintiffs' complaint, they allege that, in February 2018, an individual named Adam Forrer -- who is not a party to this case -- filed a complaint of littering against Emily Howard and that Plaintiffs hired a lawyer to defend the charge. *Id*. The allegations are not entirely clear, but it appears Corbin Howard was also charged with some unidentified offense. *Id*. Plaintiffs allege that Corbin Howard was never served the charge against him, but he apparently nevertheless appeared in the Eaton Municipal Court to plead guilty and the plea was not accepted. *Id*. Plaintiffs contend that Corbin Howard then wished the case against him to go to trial, but the municipal court judge would not permit the trial to do forward "that day." *Id*. at PageID 45-46.

Plaintiffs also allege that the charges against Emily Howard were subsequently dismissed, that "a bench warrant was filed against Corbin Howard," and that Corbin Howard "has been denied his right to call witnesses and be heard by a jury." *Id*. at 46. Plaintiffs allege that Corbin Howard has "been treated unfairly by [the municipal court.]" *Id*.

Plaintiffs do cite the Sixth Amendment in their complaint, *see* doc. 13 at PageID 41, and presumably, the allegations in paragraph six are in support of that claim. *Id*. None of the individuals identified in paragraph six are parties to this case and, to the extent Plaintiffs purport to assert a claim against the Eaton Municipal Court, the presiding judge, or the prosecuting attorney, such claims are barred by the Eleventh Amendment, absolute judicial immunity, or prosecutorial immunity. *See Ward v. City of Norwalk*, 640 F. App'x 462, 464 (6th Cir. 2016) ("[A]

12

Municipal Court is considered an arm of the state for the purposes of § 1983 and the Eleventh Amendment and is not subject to suit"); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997) ("It is a well-entrenched principle in our system of jurisprudence that judges are generally absolutely immune from civil suits for money damages"); *Huber v. Ohio*, 920 F. Supp. 2d 858, 860 (S.D. Ohio 2012) ("A prosecutor, acting as an advocate for the State, is absolutely immune from liability in § 1983 suits"). Accordingly, Plaintiffs' allegations in paragraph six fail to support a claim for relief.

**Paragraph Seven**

In the seventh paragraph of the complaint, Plaintiffs allege that false statements were made by individuals during a Preble County Commissioners meeting and that such statements were printed or broadcast by news outlets. None of the individuals who allegedly made false statements during the meeting are parties to this case and, therefore, it appears that Plaintiffs seek to assert defamation claims, presumably against the County Commissioners, for allowing these individuals to make such statements during their public meeting.

The Board of County Commissioners is immune from such claims under Ohio Rev. Code § 2744.02(A)(1). *Paige v. Coyner*, 867 F. Supp. 2d 975, 984 (S.D. Ohio 2012); *see also* Ohio Rev. Code § 2744.03(A)(6). With regard to the individual Commissioners themselves, Ohio Rev. Code § 2744.03(A)(6) provides immunity to employees of Ohio's political subdivisions unless "[t]he employee's acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities" or "were with malicious purpose, in bad faith, or in a wanton or reckless manner[.]" Plaintiffs set forth no specific allegations in their complaint beyond conclusory averment that would plausibly bring state law claims within these exceptions to immunity under

13

Ohio Rev. Code § 2744.03(A)(6). *Cf. Holmes v. City of Cincinnati*, No. 1:14-CV-582, 2016 WL 1625815, at *2 (S.D. Ohio Apr. 25, 2016).

### Paragraph Eight

In the eighth paragraph of the complaint, Plaintiffs allege they "have been discriminated against by Local, State and Federal Courts, by allowing false claims and false evidence to be used against [them] . . . without the opportunity for a fair hearing to dispute" such claims. Doc. 13 at PageID 46. There being no judicial officers named as a defendant in this case, this allegation fails to state a claim upon which relief can be granted.

### Paragraph Nine

In the final paragraph of the complaint, Plaintiffs do not assert a cause of action. Instead, Plaintiffs allege that, on December 9, 2018, the power went out at their residence and, because their generator was destroyed during the nuisance abatement on December 21, 2017, they were unable to heat their home. Doc. 13 at PageID 46. This paragraph does not state a claim for relief and, instead, alleges damages resulting to Plaintiffs from the abatement process -- a circumstance that, as noted above, fails to give rise to a federal cause of action to supporting a § 1983 claim for damages.

### IV.

Based on the foregoing, the undersigned **RECOMMENDS** that: (1) Defendants' motions for judgment on the pleadings (docs. 21, 26) be **GRANTED**; (2) Plaintiffs' complaint be **DISMISSED**; and (3) this case be **TERMINATED** on the Court's docket.

Date:  August 14, 2019               s/ Michael J. Newman
                                     Michael J. Newman
                                     United States Magistrate Judge

14

# **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).